Justice James Jeremiah Shea, dissenting.
¶22 The Court today concludes it is harmless error to allow an individual who, by law, was forbidden from deciding the guilt or innocence of a criminal defendant, to sit on a jury instead of the individual who, by law, was mandated to decide the guilt or innocence of a criminal defendant. The Court reaches this conclusion by focusing its analysis exclusively on the individual who was forbidden from serving on the jury, to the exclusion of the individual who was mandated to serve on the jury. This is the fundamental flaw in the Court's holding.
¶23 The Court notes that the District Court confirmed with Fisher that he had been sworn, that he had deliberated, and that the guilty verdict was indeed his verdict. Opinion, ¶ 8. The Court notes this as if it somehow cures the defect that § 46-16-118(3), MCA, prohibited Fisher from deliberating and rendering a guilty verdict. Section 46-16-118(3), MCA ("[a]n alternate juror may not join the jury in its deliberation unless called upon by the court to replace a member of the jury....") (emphasis added). Fisher was not called upon by the District Court to replace Juror 3. Opinion, ¶ 4. Indeed, Fisher could not be called upon by the District Court to replace Juror 3 since § 46-16-118(3), MCA, mandates that alternate jurors "in the order in which they are called, shall replace jurors who ... become unable or disqualified to perform their duties."
¶24 Ultimately, the fact that Fisher-who should not have been on the jury in the first place-was sworn, deliberated, and found Oschmann guilty, misses the point. The point is how Peterson-who should have been on the jury-would have deliberated and voted; a question that remains unanswered. In Bearchild , we listed several reasons why a material failure to substantially comply with Montana statutes governing the procurement of a trial jury cannot be treated as harmless error. First among those reasons was that "such an error precedes the presentation of any evidence to the jury, and cannot be analyzed as mere trial error without resorting to speculation." Bearchild , ¶ 17. Yet that is precisely what the Court does in this case.
***244 In order to find harmless error, the Court must speculate that Peterson-the individual whom the statute mandated be the replacement of Juror 3-would also have found Oschmann guilty.
¶25 The Court relies exclusively on Bearchild to support its harmless error conclusion. This is curious because the facts of Bearchild could not be more different from the present case. In Bearchild , we held it was harmless error to dismiss a prospective juror prior to voir dire, because:
Even though it occurred prior to trial, the impact of [the prospective juror's] dismissal can be discerned from the record. The outcome of Bearchild's trial would be the same regardless of [the prospective juror's] dismissal, because as No. 43 on the venire, [the prospective juror] never would *286 have served on the jury in any event.... [T]he error in this case can be isolated and assessed for its prejudicial impact; [the prospective juror's] dismissal did not affect Bearchild's right to an impartial jury.
Bearchild , ¶ 22. The situation in the present case is the polar opposite of Bearchild . Rather than a prospective juror who "never would have served on the jury in any event," this case involves a juror who, but for the District Court's error, definitely would have served on the jury. Since it is impossible to know how Peterson would have deliberated had he been seated on the jury as required by the statute, it is likewise impossible to isolate and assess the error for its prejudicial impact. Yet the Court arrives at the unfounded conclusion that Peterson's erroneous dismissal did not affect Oschmann's right to an impartial jury, and that the outcome of his trial would have been the same regardless, even though the record is completely devoid of any indication as to how Peterson's presence on the jury would have impacted deliberations.
¶26 Bearchild and the Court's Opinion in this case create an interesting set of bookends for what constitutes harmless error in the jury selection process. Read together, Bearchild and this case establish that it is harmless error to excuse a prospective juror, but only when that individual would have had no chance of serving on the jury or when that individual would have definitely served on the jury. This does not seem to leave a lot of room for harmful error.
¶27 I dissent.